

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

ROYCE NEWTON,                    §
                                 §
           Movant,               §
                                 §
VS.                              §  NO. 4:17-CV-284-A
                                 §  (NO. 4:15-CR-234-A)
UNITED STATES OF AMERICA,        §
                                 §
           Respondent.           §

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Royce Newton ("movant") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. After having considered such motion, the government's response, movant's reply, and pertinent parts of the record in Case No. 4:15-CR-234-A, styled "United States of America v. Royce Newton," the court has concluded that the motion should be denied.

I.

Background

Information contained in the record of the underlying criminal case discloses the following:

On October 14, 2015, movant was named in a one-count indictment charging him with being a felon in possession of firearms and ammunition in violation of 18 U.S.C. § 922(g)(1). CR

Doc.[1] 12. On December 18, 2015, movant pleaded guilty to the offense charged without benefit of a plea agreement. CR Doc. 28. On April 1, 2016, movant was sentenced to a term of imprisonment of 120 months. CR Doc. 46. (The court would have imposed a greater sentence, but was limited by the 10-year statutory maximum for the offense of conviction. CR Doc. 53 at 5, 35-36.) Movant filed a notice of appeal, CR Doc. 48, but later filed a motion to dismiss it, which was granted. CR Doc. 56.

II.

Grounds of the Motion

Movant urges four grounds in support of his motion. First, he says that the court denied him due process of law during sentencing. As supporting facts, movant states:

> The Court improperly considered uncharged conduct that was revealed during Petitioner's immunized proffer sessions with law enforcement agents. The statements Petitioner made were immunized based on an agreement entered into with the Government, which was brought to the Court's attention by both the prosecutor and defense counsel during the sentencing hearing. Nevertheless, the Court relied on this information to deny the Government's motion for downward departure under U.S.S.G. § 5K1.1 and to sentence Petitioner to the statutory maximum of 120 months imprisonment. The Court also failed to consider the five assistance related factors listed in § 5K1.1 when ruling on the motion for downward departure.

---

[1] The "CR Doc. ___" reference is to the number of the item on the docket in the underlying criminal case, No. 4:15-CR-234-A.

2

Doc.² 1 at 4. Movant's second, third, and fourth grounds each allege that he received ineffective assistance of counsel. In ground two, movant says that his attorney failed to object to the court's denial of the government's motion for downward departure but should have done so on the same grounds as asserted in ground one. Doc. 1 at 5. In ground three, he says his attorney failed to object to the addendum to the presentence report that contained a false statement from Nicholas Sides claiming he saw movant with four pounds of methamphetamine and a person with a firearm. Doc. 1 at 7. And, in ground four, movant says his attorney failed to object to the two-level enhancement for seeking to obtain and possess three firearms, which should not have applied to him. Doc. 1 at 8.

### III.

### Standards of Review

A.  <u>28 U.S.C. § 2255</u>

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. <u>United States v. Frady</u>, 456 U.S. 152, 164-165 (1982); <u>United States v. Shaid</u>, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or

---

²The "Doc. __" reference is to the number of the item on the docket in this action.

3

sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974); United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B. Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a

4

reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. 133, 132 S. Ct. 1399, 1409-11 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

IV.

Analysis

Movant's first claim is one that could have been raised on direct appeal and cannot be pursued here. <u>United States v. Williamson</u>, 183 F.3d 458, 462 (5th Cir. 1999). If the claim had merit (and it does not for reasons discussed <u>infra</u>), the court would have violated USSG § 1B1.8. Misapplication of the sentencing guidelines is not cognizable in § 2255 motions. <u>Id.</u>

Movant's second claim is that his attorney should have objected to the court's denial of the government's motion for downward departure. Movant argues that the court wrongly considered statements movant made during immunized proffer sessions with government agents in determining that the motion should be denied. As made clear at the sentencing, the written proffer agreement between movant and the government specifically provided that the court could consider the information obtained from movant in determining whether to grant a 5K1.1 motion.[3] CR Doc. 53 at 29. Accordingly, movant's objection to the court's authority to consider the information was withdrawn. CR Doc. 53 at 30. Counsel's withdrawal of a meritless objection does not

---

[3] The record reflects that the court would have imposed a sentence of 120 months even without consideration of the proffer agreement information. CR Doc. 53 at 30.

6

amount to ineffective assistance. <u>United States v. Preston</u>, 209 F.3d 783, 785 (5th Cir. 2000).

As part of his second claim, movant also asserts that the court failed to consider the five assistance-related factors listed in section 5K1.1 in ruling on the motion for downward departure and that his counsel should have objected on that basis. A district court has almost complete discretion to deny a 5K1.1 motion and its decision is a violation of the law only if the court mistakenly assumes that it lacks authority to depart. <u>United States v. Cooper</u>, 274 F.3d 230, 248 (5th Cir. 2001). The record reflects that the court thoroughly considered whether the motion should be granted, never indicating any belief that it lacked authority to do so. In any event, movant does not explain why separate consideration of each of the listed factors would have changed the result. Again, his counsel cannot have been ineffective for failing to raise a frivolous objection. <u>Preston</u>, 209 F.3d at 785.

In his third ground, movant asserts that his counsel was ineffective for failing to object to the second addendum to the presentence report, CR Doc. 42, containing a statement of Nicholas Sides claiming that he saw movant with four pounds of methamphetamine and another person with a firearm. Movant says that he never met Sides. The second addendum does not say that

7

Sides ever met movant, only that he observed him. In any event, movant's conclusory allegation is insufficient to support his claim of ineffective assistance. Miller, 200 F.3d at 282.

Finally, movant alleges that his counsel was ineffective in failing to object to the two-level enhancement under USSG § 2K2.1(b)(1) for possessing at least three firearms during the offense. He says that the .380 Walther pistol was not included in the indictment and should not have been considered because it belonged to his girlfriend. Again, movant offers nothing but conclusory allegations in support. The information contained in the presentence report was reliable and adopted by the court. The court was not limited to the facts alleged in the indictment or factual resume. USSG § 1B1.3; USSG § 1B1.4. Movant has not shown that he received ineffective assistance in this regard.

As the court pointed out at sentencing, movant's counsel likely immunized him from 15 or 20 years' of imprisonment that movant otherwise might have been subject to. CR Doc. 53 at 30-31. Movant has not shown that he received ineffective assistance of counsel.

V.

Order

The court ORDERS that all relief sought by movant in his motion under 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED July 24, 2017.

_____
JOHN MCBRYDE
United States District Judge

9